EUKER JOHN ET AL *v.* PRIOR JOHNATHEN ADMR.

**Contract to Pay in Gold and Silver—Specific Execution.**
> The obligation on which the original judgment was rendered bound the appellants in express terms to pay in gold and silver, and the meaning and intention of the parties to the contract was what the language used imports and the right of appellee to a specific execution of the contract is as clear as the right of the parties to make it.

APPEAL FROM GRAVES CIRCUIT COURT.

February 26, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

Appellee having recovered judgment in the court below against appellants, and having notified them that he would require them to pay the same, in gold or silver coin, they enjoined the judgment, and sought by their suit in equity to compel him to take the United States legal tender notes, as they are called, in satisfaction of said judgment.

The court below dismissed their petition and they have appealed.

It is material to state a fact which distinguishes this case from *Griswold vs. Hepburn, 2 Duv., 20,* and makes it stronger for appellee which is, that it is alleged, in their petition by appellants, that the obligation on which the original judgment was rendered, bound them in express terms to pay the amount in gold and silver, and it was executed before the passage of the Act of February, 1862, by congress, declaring that United States treasury notes shall be a legal tender in payment of debts on private contracts.

The meaning, and intention of the parties to the contract was precisely what the language used, imports, and the right of appellee to a specific execution of the contract is as clear, as the right of the parties to make it.

It results, therefore, that appellee had a right to demand satisfaction of his debt in the manner, and with the number of dollars in gold and silver stipulated for, and he was not bound to receive payment in depreciated currency.

Wherefore, the judgment is *affirmed.*